XES INTERNATIONAL EDUCATION INC.

    Plaintiff,

    v.

JOHN DOE d/b/a OFFICYGNET, THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS,

    Defendants.

**UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS**

Case No.: 1:26-cv-08734

**COMPLAINT**

Plaintiff, XES International Education Inc., by and through its undersigned counsel, hereby files this Complaint against The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified operating the Amazon and eBay storefront identified as "Officygnet" (collectively, "Defendants"). In support thereof, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101 et seq., the Copyright Act, 17 U.S.C. § 101, et seq., and 28 U.S.C. §§ 1338, 1331.

2. Personal jurisdiction exists over Defendants in this Judicial District because, upon information and belief, Defendants regularly conduct, transact, and/or solicit business in this Judicial District, and/or derive substantial revenue from business transactions in this Judicial District and/or otherwise avail themselves of the privileges and protections of the laws of the State of Illinois such that this Court's assertion of jurisdiction over Defendants does not

offend traditional notions of fair play and due process.

3. In addition, Defendants' illegal counterfeiting and infringement actions cause injury to Plaintiff in Illinois and in this Judicial District such that Defendants should reasonably expect such actions to have consequences in Illinois and this Judicial District.

4. Defendant Internet Stores accept orders of infringing products from, and offer to ship such products to, Illinois addresses located in this Judicial District.

5. Moreover, upon information and belief, Defendants are systematically directing and/or targeting their business activities at consumers in the U.S., including those in Illinois, in this Judicial District, through accounts with online marketplace platforms such as Amazon and eBay as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants, and persons in active concert or participation with any of the foregoing. Consumers in the U.S., including Illinois (and more particularly, in this Judicial District), can view the marketplace accounts that each Defendant operates, can communicate with Defendants regarding Defendants' listings for infringing products, can place orders for such infringing products, can purchase infringing products for delivery in the U.S., and can receive associated invoices.

6. Defendants have transacted business with consumers located in the U.S., including Illinois (and more particularly, in this Judicial District), for the sale and shipment of infringing products.

7. Venue is proper in this Judicial District because "a substantial part of the events or omissions giving rise to Plaintiff's claim[s] occurred" in this Judicial District. 28 U.S.C. § 1391(b).

## INTRODUCTION

8. Plaintiff is the exclusive licensee of U.S. Design Patent No. D968530S and Copyright No. VA0002511887 shown in Exhibit 1 and 2 in the United States.

9. Defendants seek to capitalize upon Plaintiff's proprietary intellectual property rights and designs by offering for sale and selling unauthorized and unlicensed infringing products (the "Infringing Products").

10. On information and belief, Defendants design their Internet stores to appear to be selling genuine versions of the Patented Products, while they are in fact selling Infringing Products to unknowing consumers.

11. On information and belief, Defendants attempt to avoid liability by going to great lengths to conceal both their identity and the full scope and interworking of their operations. Such efforts include, inter alia, changing the names of their stores multiple times, opening new stores, helping others open stores, and making subtle changes to their Infringing Products.

12. Plaintiff has been, and continues to be, irreparably harmed by Defendants' infringement of the Patent-in-Suit  and Copyright. Plaintiff, therefore, seeks injunctive relief to halt such infringement and irreparable harm.

13. Plaintiff also seeks monetary relief for the injury that it is sustaining.

## THE PARTIES

14. Plaintiff is a Massachusetts corporation with its principal place of business located at 1245 S Winchester Ave., San Jose, CA 95128.

15. Plaintiff is exclusively licensed to market and sell high-quality, innovatively designed Patented Products that embody the designs claimed in the Patent-in-Suit  and Copyright-in-

Suit . Plaintiff sells Patented Products directly to consumers through its Amazon and Shopify store.

16. Plaintiff is the exclusive licensee of all rights to the Patent-in-Suit, including rights to sue for past infringement. A copy of the Patent-in-Suit is attached hereto as Exhibit 1. Plaintiff is likewise the owner of all rights to the Copyright-in-Suit. A copy of the copyright registration is attached hereto as Exhibit 2.

17. Defendants are individuals and business entities who, upon information and belief, reside in foreign jurisdictions. Defendants conduct business or assist in business activity conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising, offering for sale, and importation and distribution of the Infringing Products using counterfeit and infringing versions of Plaintiff's Patent and Copyright. Each Defendant has targeted the United States, including Illinois specifically, by selling or offering for sale, or knowingly assisting in the selling or offering for sale, Infringing Products to U.S. consumers, including consumers located in Illinois, via various online stores.

18. Upon information and belief, Defendant John Doe d/b/a Officygnet is an individual or business entity of unknown composition who resides in a foreign jurisdiction and operates the online marketplace storefront identified as "Officygnet" on Amazon and eBay. Defendant's true name and address are presently unknown to Plaintiff. Defendant is therefore sued under the fictitious designation "John Doe d/b/a Officygnet" and by reference to its storefront alias. Plaintiff will amend this Complaint to allege Defendant's true name and capacity once ascertained.

19. Defendants are all merchants who sell products that infringe the Patent-in-Suit  and/or

Copyright-in-Suit to consumers in the United States (including the State of Illinois), as shown in Exhibit 3. Defendants conduct business in the U.S. and other countries by means of their user accounts and merchant storefronts on various online marketplace platforms.

20. At present, many of the Defendants can only be identified through their storefronts and other limited publicly available information. Plaintiff will voluntarily amend its Complaint as needed if Defendants provide additional credible information regarding their identities.

## JOINDER OF DEFENDANTS

21. Defendants appear to be an interrelated group of counterfeiters and infringers, who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine versions of the Patented Products, while they are actually selling inferior, unauthorized imitations of the Patented Products. The Defendant Internet Stores share unique identifiers, such as the following: common design elements, the same or similar counterfeit products that they offer for sale, similar counterfeit product descriptions, the same or substantially similar shopping cart platforms, the same accepted payment methods, the same check-out methods, the same dearth of contact information, and identically or similarly priced counterfeit products and volume sales discounts. The foregoing similarities establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences.

22. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting and infringing operations make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their infringing network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

23. Defendants manufacture, advertise, offer for sale, sell, import, and distribute the Infringing Products, as shown in Exhibit 3.

## DEFENDANTS' INFRINGEMENT ACTIVITIES

24. The commercial success of the Patented Products has resulted in significant infringement. Consequently, Plaintiff has recently instituted a worldwide program to investigate suspicious online marketplace listings. In recent years, Plaintiff has identified hundreds of fully interactive, commercial Internet stores on various e-commerce platforms, which are offering for sale to consumers in this Judicial District and throughout the United States, products that infringe Plaintiff's intellectual property rights.

25. E-commerce retail platforms such as those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing infringers to regularly use false names and addresses when registering with these e-commerce retail platforms.

26. Defendants facilitate sales of the Infringing Products by designing their online storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Defendants' online storefronts appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, and/or PayPal.

27. On information and belief, Defendants operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operating in spite of enforcement efforts.

28. On information and belief, Defendants have engaged in fraudulent conduct when registering their online storefronts by providing false, misleading, and/or incomplete information to online marketplace platforms.

29. On information and belief, Defendants have anonymously registered and maintained aliases to prevent discovery of their true identity and the scope of their e-commerce operation.

30. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling infringing products on e-commerce platforms. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identity and the full scope and interworking of their operation, and to avoid being shut down.

31. Analysis of financial account transaction logs from previous similar cases indicates that off-shore infringers regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court, in an attempt to avoid payment of any monetary judgment that they may be liable for due to their infringement of intellectual property rights.

32. Upon information and belief, prior to and contemporaneous with their counterfeiting and infringement actions alleged herein, Defendants had knowledge of the popularity and success of the Patented Products, and in bad faith proceeded to make, use, offer for sale, sell, and/or import the Infringing Products.

33. Defendants have been engaging in the illegal counterfeiting and infringement actions alleged herein knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's patent and copyright rights, and otherwise in bad faith.

## COUNT I

## DESIGN PATENT INFRINGEMENT

[35 U.S.C. § 271]

34. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

35. Plaintiff is exclusive licensee of all rights to the Patent-in-Suit, including rights to enforce for past infringement. A copy of the Patent-in-Suit is attached hereto as Exhibit 1.

36. The Patent-in-Suit discloses the designs for set of three dinosaur toys. The Patent-in-Suit is valid and enforceable.

37. Defendants make, use, sell, offer for sale, and/or import into the United States products that infringe the Patent-in-Suit.

38. In the eye of an ordinary observer, the design of Defendants' Infringing Products and the designs claimed in the Patent-in-Suit are substantially the same. Said sameness deceives prospective purchasers and induces them to purchase Defendants' products supposing them to have come from Plaintiff.

39. Defendants' Infringing Products misappropriate the novelty of the designs claimed in the Patent-in-Suit that distinguished Plaintiff's patented designs from the prior art.

40. Defendants sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental designs claimed in the Patent-in-Suit .

41. Defendants are directly liable for infringing Plaintiff's Patent under the Patent Act, 35 U.S.C. § 271. Defendants have willfully and deliberately infringed the claims of the Patent-in-Suit.

42. The Defendants' infringement of the Patent-in-Suit is obvious and notorious. The Defendants have no good faith basis that the unauthorized products do not infringe the Patent-in-Suit. The willful infringement, without regard to Plaintiff's patent rights, constitutes egregious and

wanton conduct sufficient to establish willful infringement damages under 35 U.S.C. § 284.

43. Defendants have had constructive notice of Plaintiff's rights in the Patent-in-Suit because the Patented Products are marked with the patent number.

44. Defendants have infringed the Patent-in-Suit through the acts complained of herein and will continue to do so unless enjoined by this Court.

45. Defendants' infringement of the Patent-in-Suit has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful rights under U.S. patent law to exclude others from making, using, selling, offering for sale, and importing the designs claimed in the Patent-in-Suit .

46. By reason of the ongoing and continuous infringement of the Patent-in-Suit by the Defendants, Plaintiff is entitled to the entry of a permanent injunction enjoining the Defendants from further infringing Plaintiff's patent rights, pursuant to 35 U.S.C. § 283.

47. Plaintiff is entitled to recover damages adequate to compensate Plaintiff for Defendants' infringement of the Patent-in-Suit , including Defendants' profits pursuant to 35 U.S.C. § 289, as well as any other damages as appropriate pursuant to 35 U.S.C. § 284, including attorneys' fees pursuant to 35 U.S.C. § 285, and an accounting of ongoing post-judgment infringement.

48. By these infringing acts, Defendants have irreparably harmed Plaintiff and such injury will continue and grow unless Defendants are enjoined by this Court.

## COUNT II

## COPYRIGHT INFRINGEMENT

[17 U.S.C. § 501]

49. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in

the preceding paragraphs as if fully set forth herein.

50. The Copyright-in-suit constitute creative, original works of authorship, fixed in a tangible medium of expression, and protectable under U.S. copyright law. See 17 U.S.C. § 102.

51. Plaintiff is the exclusive licensee of valid and enforceable copyrights in Plaintiff's Copyrighted Works. A copy of the copyright registration(s) is attached hereto as Exhibit 2.

52. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Copyright-in-Suit and has obtained valid copyright registrations for Copyright-in-Suit.

53. Defendants do not have any ownership interest in Copyright-in-Suit.

54. Defendants had access to the Copyright-in-Suit via the internet and/or through exposure to Plaintiff's products and marketing materials.

55. Without authorization from Plaintiff, or any right under the law, Defendants have, inter alia, willfully copied, reproduced, publicly displayed, and distributed products incorporating Copyright-in-Suit, in connection with their operation of the Defendant Internet Stores.

56. Defendants' counterfeit and infringing products incorporate works that are virtually identical to and/or are substantially similar to Copyright-in-Suit.

57. Defendants have, therefore, individually, as well as jointly and severally, infringed and continue to infringe Plaintiff's copyrights in Copyright-in-Suit in violation of 17 U.S.C. § 501(a). See also 17 U.S.C. §§ 106(1), (3), (5).

58. Defendants reap the benefits of their unauthorized reproduction, public display, and distribution of Copyright-in-Suit through their receipt of substantial revenue, including substantial profit, driven by sales of their counterfeit and infringing products.

59. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating counterfeit and infringing products that incorporate

Plaintiff's Copyrighted Works.

60. Defendants' infringement has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights.

61. Defendants, by their actions, have caused financial injury to Plaintiff in an amount to be determined at trial.

62. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiff has no adequate remedy at law for such injury.

63. In light of the foregoing, and as contemplated by 17 U.S.C. § 502, Plaintiff seeks temporary, preliminary, and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and entry of an Order directing as follows:

1. Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from:

   a. making, using, importing, offering for sale, and selling any products not authorized by Plaintiff that include any reproduction, copy, or colorable imitation of the designs claimed in the Patent-in-Suit and/or Copyright-in-Suit ;

   b. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

    c.  aiding, abetting, contributing to, or otherwise assisting anyone in infringing the Patent-in-Suit and/or Copyright-in-Suit.

2. Directing that Defendants deliver for destruction all products that include the designs claimed in the Patent-in-Suit and/or Copyright-in-Suit as well as all means for making such designs.

3. Entering an Order that all banks, savings and loan associations, other financial institutions, payment processors, online marketplaces, and other third parties who are in active concert or participation with Defendants shall, within two (2) business days of receipt of an Order entered by this Court:

    a.  Locate all accounts connected to Defendants, including, but not limited to, any Amazon, eBay, and Walmart accounts;

    b.  Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendants' assets; and

    c.  Transfer any funds restrained in such accounts to Plaintiff within ten (10) business days of receipt of such Order.

4. Entering an Order that, until Plaintiff has recovered full payment of monies owed to it by Defendants, in the event that any new financial accounts controlled or operated by Defendants are identified, Plaintiff shall have the ongoing authority to direct any banks, savings and loan associations, other financial institutions, payment processors, and online marketplaces, to carry out the same actions described in paragraph (3) above.

5. Awarding Plaintiff such damages as it may prove at trial that are adequate to compensate Plaintiff for Defendants' infringement of the Patent-in-Suit and/or Copyright-in-Suit, and awarding Plaintiff all of the profits realized by Defendants, or others acting in concert or

participation with Defendants, from Defendants' unauthorized use and infringement of the Patent-in-Suit and/or Copyright-in-Suit, pursuant to 35 U.S.C. §§ 284, 289 and/or 17 U.S.C. § 504(b).

6. Alternatively, awarding Plaintiff statutory damages for the copyright claim pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages up to $150,000 per work for Defendants' willful infringement.

7. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and/or 17 U.S.C. § 505.

8. Awarding Plaintiff enhanced damages pursuant to 35 U.S.C. § 284 for willful patent infringement.

9. Awarding Plaintiff its costs and disbursements in bringing this action.

10. Awarding Plaintiff any further relief that this Court deems just and proper.


Date: 07/23/2026

Respectfully submitted,

By: /s/ Xu He
Xu He, Esq (CA303704)
1245 S Winchester Blvd, Ste 102,
San Jose, CA 95128
Telephone: 4156760361
Email: xuhe2006@tal.com
Attorney for Plaintiff